UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HECTOR GERARDO UGSHA VEGA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility, et al.,<br><br>Respondents. | Civil Action No. 26-cv-12925-PBS |

**ORDER**

September 15, 2026

Saris, J.

Petitioner Hector Gerardo Ugsha Vega ("Petitioner") filed a petition for writ of habeas corpus challenging his immigration detention. This Court allowed the petition and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). Petitioner now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). For the reasons set forth below, the Court allows Petitioner's motion.

Petitioner entered the United States in approximately April 2023. Sometime around June 2026, U.S. Immigration and Customs Enforcement arrested and detained him. Petitioner filed a habeas petition on June 26, 2026. In their response, Respondents did not dispute that Petitioner was a member of the certified class in

Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass. Sep. 18, 2025), and conceded that "[s]hould the Court follow its reasoning in Guerrero Orellana v. Moniz, it would reach the same result" in this case and order a bond hearing. Dkt. 8 at 1; see 813 F. Supp. 3d 185, 195 (D. Mass. 2025) (rejecting the government's position that certain noncitizens are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and holding that those noncitizens are entitled to bond hearings under § 1226(a)), aff'd, __ F.4th __ (1st Cir. 2026) [2026 WL 2352042]. The Court allowed Petitioner's habeas petition and ordered Respondents to provide him with a bond hearing within seven business days. Petitioner was released from custody following his bond hearing. He now moves for attorney's fees under the EAJA.

The EAJA provides "an exception to th[e] rule" that "each party is usually required to bear its own attorneys' fees." Castañeda-Castillo v. Holder, 723 F.3d 48, 56 (1st Cir. 2013). Specifically, the EAJA mandates that:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Respondents do not dispute that the Court's allowance of Petitioner's habeas petition and its order

requiring a bond hearing render Petitioner a "prevailing party."[1] Nor do Respondents claim that any special circumstances make a fee award unjust in this case.

Respondents do argue, however, that habeas proceedings are not "civil actions" for which the EAJA authorizes a fee award. This Court joins the several judges in this district who have held that habeas actions challenging immigration detention are civil actions for purposes of the EAJA. See, e.g., Nguyen v. Lyons, No. 26-cv-10226, Dkt. 22 (D. Mass. Sep. 1, 2026) (Kobick, J.), appeal filed, No. 26-2043 (1st Cir. Sep. 10, 2026); Orellana-Serrano v. Hyde, No. 25-cv-12646, Dkt. 30 at 2-3 (D. Mass. Aug. 21, 2026) (Joun, J.), appeal filed, No. 26-1997 (1st Cir. Aug. 31, 2026); Duran Siguenza v. Moniz, No. 25-cv-11914, 2026 WL 1875680, at *2 (D. Mass. June 29, 2026) (Burroughs, J.), appeal filed, No. 26-

[1] Respondents contend that Petitioner was not a prevailing party at the time they opposed the motion for attorney's fees because the judgment in this case was not yet final. See 28 U.S.C. § 2412(d)(1)(B) (providing that a "party seeking an award of fees . . . shall, within thirty days of final judgment in the action, submit to the court an application for fees . . . which shows," among other things, "that the party is a prevailing party"). The judgment became final for purposes of the EAJA on September 11, 2026, i.e., sixty days after entry of judgment when the government's right to appeal expired. See Fed. R. App. P. 4(a)(1)(B) (permitting the taking of an appeal within sixty days of entry of judgment in cases where the federal government is a party); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) (explaining that under the EAJA's definition of "final judgment," the "filing period should be deemed to begin only after the time for taking an appeal from the district court judgment ha[s] expired"). Because the judgment is now final, Petitioner is a prevailing party.

1934 (1st Cir. Aug. 17, 2026); Orrego Orrego v. Hyde, No. 26-cv-10260, 2026 WL 1480362, at *2 (D. Mass. May 27, 2026) (Murphy, J.), appeal filed, No. 26-1864 (1st Cir. Aug. 3, 2026); Peruano v. Wesling, 834 F. Supp. 3d 128, 149 (D. Mass. 2026) (Sorokin, J.).

Respondents also argue that they were substantially justified in both detaining Petitioner without a bond hearing and opposing his habeas petition. As the First Circuit has explained:

> [T]he government bears the burden of establishing that its position was substantially justified. The government needs to satisfy this burden by a preponderance of the evidence, and it must justify the positions it took both during the litigation and the agency proceedings that preceded that litigation. These positions must have a reasonable basis in both law and fact.

Castañeda-Castillo, 723 F.3d at 73 (citations omitted).

The Court finds that Respondents' position in this case lacked "a reasonable basis in . . . law." Id. By the time Respondents asserted that Petitioner was subject to mandatory detention under § 1225(b)(2)(A), courts in this district, including this one, had repeatedly rejected Respondents' interpretation of that statutory provision. See, e.g., Panameno Lopez v. Moniz, 821 F. Supp. 3d 176, 178 (D. Mass. 2026) (Saylor, J.); Guerrero Orellana, 813 F. Supp. 3d at 195 (Saris, J.); Inlago Tocagon v. Moniz, 802 F. Supp. 3d 93, 99 (D. Mass. 2025) (Joun, J.); Sampiao v. Hyde, 799 F. Supp. 3d 14, 26-29 (D. Mass. 2025) (Kobick, J.); Doe v. Moniz, 800 F. Supp. 3d 203, 210-11 (D. Mass. 2025) (Talwani, J.); Romero v. Hyde, 795 F. Supp. 3d 271, 272-73 (D. Mass. 2025) (Murphy, J.). The Court

is therefore unpersuaded that Respondents "ha[d] a reasonable basis in law for the theories advanced." United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985); see Ndongala v. Wesling, No. 26-cv-10194, 2026 WL 1534981, at *3 (D. Mass. June 1, 2026) (finding the government's position regarding the scope of § 1225(b)(2)(A) not substantially justified in "light of the flood of decisions in this [d]istrict and beyond that had repeatedly rejected it by the time the government took the position in this action"), appeal filed, No. 26-1871 (1st Cir. July 30, 2026); Tuzolana v. Hyde, No. 26-cv-10259, 2026 WL 1831597, at *3 (D. Mass. June 25, 2026) (similar), appeal filed, No. 26-1959 (1st Cir. Aug. 27, 2026).

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 8 U.S.C. § 2412(d)(2)(A). The First Circuit has calculated cost-of-living adjustments using the Annual Consumer Price Index for all Urban Consumers ("CPI-U"). See Castañeda-Castillo, 723 F.3d at 76-77. Based on the 2026 CPI-U for the Boston region, Petitioner seeks $250 per hour for 5.7 hours of work, for a total of $1,425 in legal fees. The Court finds this hourly rate and overall number of hours to be reasonable despite Respondents' objection to minimal time Petitioner's counsel spent preparing exhibits and a status report that were never filed. The Court therefore awards Petitioner $1,425 in fees.

Accordingly, Petitioner's motion for attorney's fees (Dkt. 13) is **ALLOWED** in the amount of $1,425. Respondents shall pay this fee award to Petitioner's counsel no later than October 14, 2026.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge